IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| PETER J. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:25-cv-68-ECM |
| | ) | |
| ALLIED UNIVERSAL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION and ORDER**

On February 20, 2025, the Magistrate Judge entered a Recommendation that this case be dismissed without prejudice for the Plaintiff's failure to pay the filing fee or file a motion to proceed *in forma pauperis* ("IFP") in accordance with the Court's Order. (Doc. 6). On March 6, 2025, the Plaintiff timely filed objections to the Recommendation. (Doc. 7). After carefully reviewing the record in this case, the Recommendation of the Magistrate Judge, and the Plaintiff's objections, the Court concludes that the Plaintiff's objections are due to be overruled, the Recommendation of the Magistrate Judge is due to be adopted, and this case is due to be dismissed without prejudice.

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo*. 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 674 (1980). The district court "may accept, reject, or modify the recommended disposition; receive further evidence; or resubmit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1). *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S.*

by *Ernest S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990). However, objections to the Magistrate Judge's Report and Recommendation must be sufficiently specific in order to warrant *de novo* review. *See LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988) ("Whenever any party files a timely and specific objection to a finding of fact by a magistrate [judge], the district court has an obligation to conduct a *de novo* review of the record with respect to that factual issue."). Otherwise, a Report and Recommendation is reviewed for clear error.

On January 28, 2025, the Court ordered the Plaintiff to either pay the required filing fee or file an application to proceed IFP on or before February 11, 2025. (Doc. 5). As a courtesy, the Court attached to its Order a blank application to proceed IFP. (Doc. 5-1). After the Plaintiff failed to comply with this directive, the Magistrate Judge entered a Recommendation that the case be dismissed without prejudice for failure to comply with a Court Order. (Doc. 6). In his objections, the Plaintiff contends that he never received the application to proceed IFP in the mail. Accepting this contention as true, it is insufficient to excuse the Plaintiff from complying with the Court's Order to file the IFP application (or pay the filing fee) by February 11, 2025, and it fails to establish that the Magistrate Judge erred in recommending dismissal without prejudice. The IFP application may be obtained by other means, including the Court's website or from the Clerk's Office. The Plaintiff has filed many cases in this Court and thus is aware of the requirement to either pay the filing fee or submit an IFP application. Consequently, the Court finds that the Plaintiff's objections are due to be overruled.

Accordingly, upon an independent review of the record, and for good cause, it is

ORDERED as follows:

1. The Plaintiff's objections (doc. 7) are OVERRULED;

2. The Recommendation of the Magistrate Judge (doc. 6) is ADOPTED;

3. This case is DISMISSED without prejudice for the Plaintiff's failure to comply with the Orders of the Court.

A separate Final Judgment will be entered.

DONE this 14th day of April, 2025.

      /s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE